UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAVID DAOUDA MBO,

        Plaintiff,

v.

OLD REPUBLIC INSURANCE
COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, and
ALLSTATE INSURANCE COMPANY,

        Defendants.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-3111 (RPK) (MMH)

RACHEL P. KOVNER, United States District Judge:

    In the early hours of January 11, 2020, plaintiff David Mbo was driving for Uber when another driver crashed into his vehicle. At the time of the accident, plaintiff had just completed a ride, and his passenger had left the car. Plaintiff has sued defendant Old Republic Insurance Company, seeking coverage under a supplemental insurance policy that provides coverage only while a driver "is transporting passengers." Old Republic has moved for summary judgment. Because plaintiff was not "transporting" a passenger at the time of the crash, Old Republic's motion for summary judgment is granted.

## BACKGROUND

    The following facts are undisputed. At approximately 4:00 a.m. on January 11, 2020, plaintiff, an Uber driver, was involved in a car accident in Brooklyn. Mbo Dep. Tr. 10:11–20 (Dkt. #53-8). Plaintiff had just completed a ride for Uber and was parked and stationary when another driver crashed into his vehicle. Police Accident Report (Dkt. #53-6); Mbo Dep. Tr. 10:21–11:14. Plaintiff's passenger had completely left the vehicle, exiting about five to ten seconds before the

1

crash. Pl.'s Rule 56.1 Statement ¶ 3 (Dkt. #54); Mbo Dep. Tr. 11:4–11; Recorded Uber Statement at 3:05–4:22, 5:20–5:50, 8:20–8:50 (Dkt. #53-11).

Plaintiff brought this suit in New York state court against three defendants: Old Republic, Liberty Mutual Insurance Company, and Allstate Insurance Company. *See* Summons & Compl. (Dkt. #53-3). Plaintiff sought payment under the supplemental underinsured motorist coverage provisions in policies issued by each of the three companies. *See generally ibid.* He alleged that by not paying his claims, the insurers had breached contractual duties owed to plaintiff and breached the duty of good faith. *Id.* ¶¶ 43, 54–55, 66–67.

Old Republic's insurance policy—issued to non-party Uber USA, LLC—provides coverage for:

> Any passenger "auto" while a "Livery Partner" is transporting passengers, provided that the "Livery Partner" has logged and recorded acceptance of a request to provide transportation services originating in the state of New York in the "UberPartner Application" accessed using account credentials issued under a contract with the Named Insured.

*See* Policy 9 (Dkt. #53-10) (ECF pagination).

Old Republic removed the case to the U.S. District Court for the Southern District of New York. *See* Notice of Removal (Dkt. #1). Plaintiff stipulated to voluntary dismissal of his claims with Liberty Mutual and Allstate. *See* Stipulation of Dismissal (Dkt. #23); Stipulation of Dismissal (Dkt. #27). Because the accident took place in the Eastern District, the case was then transferred pursuant to 28 U.S.C. § 1404(a) to this Court. *See* Transfer Order (Dkt. #45).

The sole remaining defendant, Old Republic, now moves for summary judgment, arguing that its policy does not provide coverage because there is no genuine dispute that plaintiff was not "transporting passengers" at the time of the accident. *See* Def.'s Mem. of L. in Supp. of Mot. for Summ. J. (Dkt. #53).

2

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (citation and quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law." *Ibid.* (citation and quotation marks omitted). In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all reasonable factual inferences in favor of the non-movant. *See ibid.* A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

## DISCUSSION

Defendant's motion for summary judgment is granted because, on the undisputed facts, plaintiff was not "transporting passengers" when his car was struck by another vehicle.

Under New York law, insurance policies are subject to ordinary principles of contract interpretation. *In re Estates of Covert*, 761 N.E.2d 571, 576 (N.Y. 2001). "[L]ike other contracts," insurance policies "are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense." *Id.* at 576–77 (citation and quotation marks omitted). "In determining a motion for summary judgment involving the construction of contractual language, a court should accord that language its plain meaning giving due consideration to the surrounding circumstances and apparent purpose which the parties sought to accomplish."

3

*Palmieri v. Allstate Ins.*, 445 F.3d 179, 187 (2d Cir. 2006) (quoting *Thompson v. Gjivoje*, 896 F.2d 716, 721 (2d Cir. 1990)). Ambiguity in a policy exists "when—after it is viewed objectively—more than one meaning may reasonably be ascribed to the language used." *Ibid.* Any ambiguity in an insurance contract is construed against the insurer. *Ment Bros. Iron Works Co. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 124 (2d Cir. 2012) (citing *Belt Painting Corp. v. TIG Ins.*, 795 N.E.2d 15, 17 (N.Y. 2003)).

Old Republic is entitled to summary judgment under these principles because the accident here unambiguously falls outside the scope of Old Republic's supplemental policy issued to non-party Uber. The parties' only disagreement is about the interpretation of the phrase "is transporting passengers" in Old Republic's insurance policy. But there is no ambiguity that a policy that applies only when a driver "is transporting passengers" does not apply to a driver like plaintiff whose passenger has already left the car.

To "transport" means "[t]o carry, convey, or remove from one place . . . to another." *Transport*, Oxford English Dictionary, https://www.oed.com/dictionary/transport_v (last visited Aug. 11, 2025); *accord Transport*, Black's Law Dictionary (12th ed. 2024) ("To carry or convey (a thing) from one place to another."). Plaintiff agrees that, at the time of the accident, he was alone in his vehicle. Def.'s Rule 56.1 Statement ¶ 3 (Dkt. #53-1); Pl.'s Rule 56.1 Statement ¶ 3. He had just completed a ride, with the passenger having exited the vehicle some five to ten seconds before the crash. Pl.'s Rule 56.1 Statement ¶ 3; Mbo Dep. Tr. 11:4–11; Recorded Uber Statement, at 3:05–4:22, 5:20–5:50, 8:20–8:50. Once a driver safely delivers a passenger to his destination, the act of "transportation" is over—the passenger has been conveyed from one place to another. There is no interpretation of the phrase "is transporting passengers" that would include the situation here, where a driver has *finished* transporting a passenger.

4

The Court understands plaintiff's intuition that the act of "transporting" a passenger does not necessarily cease the precise moment a driver's car comes to a stop. But this is not a case where plaintiff's car was struck while his passenger was, say, halfway out of the vehicle, in the process of exiting. *See* Pl.'s Affirmation in Opposition ¶¶ 11–14 (Dkt. #54). Even if, as plaintiff contends, a driver is still in the process of "transporting" the passenger when the passenger is getting out of the vehicle, *see id.* ¶¶ 13–14, the phrase "transporting" does not cover the present case where the passenger had completely exited the vehicle, with a period of at least five seconds between the passenger's departure and the crash. There is therefore no ambiguity in the insurance policy as it applies to this case, and defendant's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, defendant Old Republic Insurance Company's motion for summary judgment is granted. The Clerk of Court is respectfully directed to enter judgment in favor of Old Republic and close this case.

SO ORDERED.

                                           /s/ Rachel Kovner
                                           RACHEL P. KOVNER
                                           United States District Judge

Dated: August 11, 2025
       Brooklyn, New York